Dear Director Funston,
The Attorney General is in receipt of your request for an opinion clarifying Opinion No. 78-174, issued July 26, 1978, wherein you ask the following question:
"Are State employees paid from CETA funds classified as temporaryor permanent employees?"
The question presented in Opinion No. 78-174 related to individuals employed by State agencies in positions funded under the Comprehensive Employment and Training Act (CETA). The Opinion concluded that such individuals:
 ". . . may be credited for the period of CETA service for retirement purposes upon the payment of such contributions to the Retirement System the employee would have made during such period as a regular employee and member of the System together with any interest upon such contribution as may be determined appropriate by the Board of Trustees of the State Employees Retirement System."
The question you have raised in connection with your request for clarification is apparently based upon an independent construction of the scope of the Oklahoma Public Employees Retirement Act. Any question relative to that scope is not addressed in this opinion. Title 74 O.S. 902(15) (1976), defines the term "employee" for the purposes of the Act as follows:
 ". . . . Any officer or employee of a participating employer, whose employment is not seasonal or temporary . . . ."
Your letter requesting an Opinion relates that the Department of Economic and Community Affairs (DECA) is required to establish an escrow account for CETA funds paid into the retirement system for the benefit of a CETA participant in that system. Under CETA regulations such funds must be returned to DECA, the Prime Sponsor, if the participant is not subsequently employed by the State upon completion of the training program. If unsubsidized employment is obtained with the State agency, however, the funds held in escrow may be paid into the retirement fund. That would permit enrollment of the participant in the State Retirement System. You point out that State law makes no provision for the establishment of escrow accounts through either the retirement system or the Budget Office. Meanwhile, a number of CETA participants have been enrolled in the system and there will be no return of funds if the participants are not provided with unsubsidized employment. You further point out that this is in direct violation of federal directives.
Opinion No. 78-174 relied significantly upon Opinion No. 77-293, issued February 28, 1978, in reaching the above-noted conclusion. Opinion No. 77-293 stated:
 ". . . persons employed by the State under the CETA program are utilized by certain State agencies for the purpose of performing a specific group of duties, tasks and responsibilities. The individuals employed under the CETA program, pursuant to the provisions of their Prime Sponsor agreement, are charged with the responsibility of assuring the purposes of the CETA program are fulfilled. 29 U.S.C. § 801 provides that the purpose of the various CETA programs is `to provide job training and employment opportunities for economically disadvantaged, unemployed, and under-employed persons, and to assure that training and other services lead to maximum employment opportunities and enhance self-sufficiency by enabling a flexible and decentralized system of federal, state, and local programs.'
 "It is, therefore, apparent, that those individuals employed by the State pursuant to CETA programs are professional trainees, engaged in a course of job training in order to provide employment opportunities for those economically disadvantaged unemployed and under-employed persons. It is further apparent that those individuals perform a specific group of duties, tasks, and responsibilities requiring the service of one individual." Emphasis added
The subsequent language of that Opinion examined the definitions of the terms "employee" and "position" set forth in 74 O.S. 703 (1971), and concluded:
 ". . . it is, therefore, apparent that those individuals employed by the State pursuant to a CETA program are, in fact, state employees, for leave purposes and are, therefore, subject to the statutory provisions regarding the same." Emphasis added
The cited language clearly states that CETA participants are "professional trainees" engaged in a course of "job training", even though they fall within the statutory definition of "state employees" for leave purposes while engaged in such training. One engaged in a course of job "training" is necessarily a participant in a terminal function. The status of employee expires upon completion of the training period and is not permanent.
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: State employees paid from CETA funds aretemporary employees within the meaning of 74 O.S. 902(15) (1976).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN PAUL JOHNSON, ASSISTANT ATTORNEY GENERAL